IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERROLD LEE SHAFRAN, | ) | |
| | ) | C. A. No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIVE NATION, HANOVER TOWNSHIP, | ) | |
| WASHINGTON COUNTY, | ) | |
| PENNSYLVANIA, CHIEF GEHO, and | ) | |
| OFFICER PATSILEVAS | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

## INTRODUCTION

1.     This action is brought on behalf of Jerrold Lee Shafran, another victim of abusive police tactics used by security and police officers employed at the Post-Gazette Pavilion by defendant Live Nation, including false arrest, excessive force, and the filing of false and unsupported criminal charges.  The events which give rise to this lawsuit occurred on June 6, 2006 at approximately 11:00 p.m., when the plaintiff who was peaceably attempting to leave a "Jimmy Buffett" concert that he had attended at the Post-Gazette Pavilion, was attacked by the defendant Officer Robert Patsilevas, an undercover Hanover Township police officer, whose unprovoked attack on the plaintiff was prompted because the plaintiff allegedly was walking on the wrong side of a "jersey barrier" as he left the Post-Gazette premises.  After Mr. Shafran was arrested, he was initially charged with a minor summary offense disorderly conduct but when defendant Patsilevas learned of complaints about his conduct, Patsilevas filed additional more

serious false charges against Mr. Shafran including misdemeanor charges of resisting arrest, and simple assault, increased the disorderly charge from a summary offense to a misdemeanor offense and also added the charge of harassment. The defendant Patsilevas' conduct was part and parcel of the custom, practices and policies of defendant Live Nation and its predecessor corporate entities as well as the defendant Hanover Township, to improperly supervise, regulate, and train security personnel including police officers hired to work at the Post-Gazette Pavilion. Plaintiff contends that defendant's conduct as hereinbefore described violated his rights under the first, fourth and fourteenth amendments to the United States Constitution and that such conduct also constituted common law torts of assault, battery, false arrest, malicious prosecution, intentional and/or negligent infliction of emotional distress.

**JURISDICTION**

2. This court has jurisdiction over the instant claims pursuant to its diversity jurisdiction and pursuant to 28 USC §1331 and 28 USC §1343(4). This court also has pendant jurisdiction over the plaintiff's common law claims.

**PARTIES**

3. The plaintiff Jerrold Lee Shafran, is an adult individual residing in Allegheny County, Commonwealth of Pennsylvania.

4. The defendant Live Nation, is a California corporation authorized to conduct business in the Commonwealth of Pennsylvania with a principal place of business located at the Post-Gazette Pavilion, in Hanover Township, Washington County, Pennsylvania.

5.      At all times relevant hereto, the defendant Live Nation, was acting by and through its duly authorized employees and/or agents, who were then and there acting within the course and scope of their employment.

6.      At all times relevant hereto, the defendant Live Nation, owned, and/or operated the Post-Gazette Pavilion in Hanover Township, Washington County, Pennsylvania.

7.      At all times relevant hereto, the defendant Live Nation, employed security personnel at its Post-Gazette Pavilion including police officers from Hanover Township, Washington County, Pennsylvania, and knew, or should have known that such police officers would use their public authority and power as police officers to achieve Live Nation's private security objectives at the Post-Gazette Pavilion.

8.      At all times relevant hereto, the defendant Live Nation knew or should have known, that police officers from Hanover Township, Washington County, Pennsylvania hired by Live Nation to provide security services at the Post-Gazette Pavilion, were improperly trained, supervised, and/or regulated with respect to the performance of such duties on behalf of Live Nation, and that as a result of such lack of training, supervision, and/or regulation, that patrons and/or business invitees at the Post-Gazette Pavilion, had been subjected to false arrest, the use of excessive force, the filing of false and malicious criminal charges, and that such persons also suffered common law torts of assault, battery, false arrest, malicious prosecution, and the intentional and/or negligent infliction of emotional distress.

9.      At all times relevant hereto, the defendant Live Nation failed to adequately train, supervise or control the Hanover police officers employed by it to ensure that such

officers did not improperly utilize their public authority powers in achieving such defendant's private security objectives at its Post-Gazette Pavilion including that such defendant knew or should have known that police officers employed by it carried out false arrests, used excessive force, and/or filed false and malicious criminal charges against patrons and/or business invitees at the Post-Gazette Pavilion.

10. At all times relevant hereto, the defendant Live Nation knew or should have known that in the absence of adequate training, supervision or control over the police officers it hired from Hanover Township, Washington County, Pennsylvania, that business invitees and/or patrons who were lawfully on the premises of the Post-Gazette Pavilion would be exposed to an unreasonable risk of harm, including but not limited to false arrest, false imprisonment, filing of false and unsupported criminal charges, an unauthorized use of force, assault and battery.

11. The defendant, Hanover, Washington County, Pennsylvania is a municipality located within the Commonwealth of Pennsylvania duly authorized to operate and maintain a police department. At all times relevant hereto, this defendant was acting, by and through its duly authorized employees, and/or agents, who were then and there acting within the course and scope of their employment, and in accordance with the customs, policies and practices of such defendant, and who were also acting under color or state law.

12. At all times relevant hereto, the defendant, Hanover, Washington County, Pennsylvania failed to adequately train, supervise, or control its police officers whom this defendant knew had been hired by Live Nation to perform security duties at Live Nation's Post-Gazette Pavilion.

13. At all times relevant hereto, defendant Hanover knew that its police officers hired by Live Nation to provide security services at Live Nation's Post-Gazette Pavilion would use their public authority and powers to achieve Live Nation's private security objectives at the Post-Gazette Pavilion.

14. The defendant Chief Geho, an adult individual residing in Washington County, who at all times relevant hereto, was the Chief of Police of the Hanover Township, Washington County, Pennsylvania police department, and who, in such capacity, was responsible to ensure that police officers assigned to perform security duties at the Post-Gazette Pavilion were adequately trained, supervised, controlled and/or regulated.

15. At all times relevant hereto, this defendant was acting under color of state law and in accordance with the customs, policies and/or practices of the Hanover Township, Washington County, Pennsylvania police department. This defendant is sued in his individual capacity.

16. The defendant Officer Robert Patsilevas is an adult individual who is believed to reside in Washington County, who at all times relevant hereto was a police officer employed by Hanover Township, Washington County, Pennsylvania police department, was acting under the color of state law, and in accordance with the customs, policies and/or practices of such police department. On June 6, 2006, this defendant was also employed by Live Nation, subject to its control and supervision to perform security duties at Live Nation's Post-Gazette Pavilion.

**FACTUAL ALLEGATIONS**

17.     On June 6, 2006, the plaintiff Jerrold Lee Shafran attended a concert at the defendant Live Nation's Post-Gazette Pavilion.

18.     After the concert had ended, Mr. Shafran, was attempting to leave the premises of the Post-Gazette Pavilion when suddenly, and without warning, he was accosted by an individual dressed in civilian clothes screaming that Mr. Shafran had to move from the area in which he was walking, and when plaintiff did not immediately respond, the individual who was screaming at him, attacked him, threw him to the ground, and handcuffed him.

19.     At all times relevant hereto, the individual who attacked the plaintiff was the defendant Robert Patsilevas, who was not dressed in a police uniform, was wearing a yellow Hawaiian shirt, and purportedly acting as an undercover police officer at the concert.

20.     After the plaintiff was handcuffed and arrested by defendant Patsilevas, plaintiff was issued a minor summary offense disorderly conduct citation and permitted to leave.

21.     Subsequently, after defendant Patsilevas learned that complaints had been made concerning his conduct, he added false more serious criminal charges of misdemeanor resisting arrest, simple assault, increased the disorderly conduct to a misdemeanor and added the criminal charge of harassment.

22.     At all times relevant hereto, defendant Patsilevas did not have reason to believe and/or probable cause to believe that the plaintiff had committed any of the criminal offenses with which he charged the plaintiff.

23.    At all times relevant hereto, the criminal offenses that Patsilevas filed against the plaintiff were in retaliation for protected conduct of complaints about Patsilevas' actions in accosting the plaintiff, throwing him to the ground, and charging him with disorderly conduct in the first place.

24.    As a direct and proximate result of defendant's conduct as hereinbefore described, the plaintiff has suffered severe emotional distress, embarrassment, humiliation and damage to reputation.

25.    As a direct and proximate result of defendant's conduct as hereinbefore described, the plaintiff has suffered physical injuries for which in the past and may in the future, require medical care and/or incur medical expenses.

26.    As a direct and proximate result of defendant's conduct as hereinbefore described, the plaintiff was subject to assault and battery, false arrest, false imprisonment, and the filing of false and malicious charges.

27.    As a direct and proximate result of defendant's conduct as hereinbefore described, the plaintiff was subject to a violation of his rights under the first, fourth and fourteenth amendments to the United States Constitution, including his right to be free from unreasonable searches, seizures, use of excessive force, the filing of false and malicious charges, and the right to be free from retaliation on account of protected first amendment activity.

27.    As a direct and proximate result of defendant's conduct as hereinbefore described, the plaintiff incurred legal expenses to defend against the false criminal charges brought against him.

WHEREFORE, plaintiff requests judgment in his favor for compensatory and/or punitive damages in an amount in excess of $75,000.00 and for the reward of attorney's fees and costs and such other relief as this court deems appropriate under the circumstances.

Respectfully submitted,


/s/ Timothy P. O'Brien
Timothy P. O'Brien, Esquire
PA I.D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Attorney for plaintiff